UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| FENF, LLC, | ) |
| | ) |
| Plaintiff, | ) CA No.: __2:16-cv-13270___ |
| | ) |
| vs. | ) Honorable _____ |
| | ) |
| THE WALKING COMPANY and | ) |
| FOOTSMART, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendants The Walking Company and Footsmart, Inc. (collectively "Defendants"):

## Parties

1.  FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2.  Upon information and belief, The Walking Company is a Delaware corporation having a corporate headquarters located at 25 West Anapamu Street, Santa Barbara, California 93101 as well as retail stores located throughout the

United States including at The Somerset Collection, 2800 West Big Beaver Road, Troy, Michigan 48084.

3. Upon information and belief, Footsmart, Inc. is a Delaware corporation having a place of business at 25 West Anapamu Street, Santa Barbara, California 93101.

4. Upon information and belief, Footsmart, Inc. is a wholly owned subsidiary of The Walking Company.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct business in this judicial district and, upon information and belief, have engaged in activities related to FenF's claim of patent infringement that establish minimum contacts with the state of Michigan, including having committed acts of infringement in this judicial district, and the exercise of personal jurisdiction over Defendants is reasonable and fair.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(b).

## Common Allegations

8. On August 23, 2011, United States Patent No. 8,002,675 ("the '675 patent"), entitled "Foot-Therapy and Toe Aligning Device," was duly and legally issued to Frederic Ferri. A true and correct copy of the '675 patent is attached to this Complaint as Exhibit A.

9. On September 22, 2015, United States Patent No. 9,138,616 ("the '616 patent"), entitled "Foot-Therapy and Toe Aligning Device," was duly and legally issued to Frederic Ferri. A true and correct copy of the '616 patent is attached to this Complaint as Exhibit B.

10. On July 12, 2016, United States Patent No. 9,387,359 ("the '359 patent"), entitled "Foot-Therapy and Toe Aligning Device," was duly and legally issued to Frederic Ferri. A true and accurate copy of the '359 patent is attached to this Complaint as Exhibit C.

11. FenF is the owner by assignment of each of the '675 patent, the '616 patent, and the '359 patent, and has the right to bring a cause of action for patent infringement based on each of those patents.

12. FenF offers to sell and sells a foot-therapy product under the name "YogaToes® GEMS" that is designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

13. FenF sells its YogaToes® GEMS product on-line through its website, www.yogapro.com, as well as through other on-line retailers such as amazon.com.

14. FenF's YogaToes® GEMS product is covered by at least one claim of each of the '675, the '616, and the '359 patents.

15. Upon information and belief, Defendants are a national retailer of comfort footwear and accessories that sell their products on-line, through mail-order catalogues, and in stores located throughout the country.

16. Upon information and belief, the Walking Company acquired all of the assets of FootSmart, a division of Benchmark Brands Inc., ("Benchmark Brands") through a UCC Article 9 asset purchase that closed in August 2016, including all tangible and intangible property such as the footsmart.com website, the FootSmart mail-order catalogue, and all inventory sold under the FootSmart brand.

17. Upon information and belief, Defendants have assumed ownership and control over the footsmart.com website and the FootSmart mail-order catalogue since the Walking Company's acquisition of FootSmart from Benchmark Brands.

18. Through at least the footsmart.com website, Defendants market, advertise, offer to sell, and/or sell a foot-therapy product known as "Spredz® Gel Toe Stretcher" (hereafter the "accused Spredz® product") that is designed to treat

various foot and toe ailments. A Copy of a listing of the accused Spredz® product as offered for sale on footsmart.com is attached to this Complaint as Exhibit D.

19.  Through at least the footsmart.com website, Defendants have sold and/or sell the accused Spredz® product in the United States.

20.  Defendants' accused Spredz® product competes directly with FenF's patented YogaToes® GEMS product. Attached to this Complaint as Exhibit E are photographs showing FenF's patented YogaToes® GEMS product and Defendants' accused Spredz® product.

21.  Upon information and belief, Defendants were aware of a pending patent infringement suit in the U.S. District Court for the Eastern District of Michigan between FenF and Benchmark Brands involving the '675, the '616, and the '359 patents and the accused Spredz® product, *CA No.: 2:15-cv-12925-AJT-MKM*, prior to acquiring the assets of FootSmart from Benchmark Brands.

## Count I - Infringement of the '675 Patent

22.  FenF repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.  Claim 1 of the '675 patent states:

> 1. A foot-therapy and toe-aligning device, comprising:
> a frame, the frame including a top portion;
> a plurality of posts formed of an elastic material
>     extending from the top portion of the frame, whereby a user may
>     place at least one of the plurality of posts between a
>     user's toes;

>   wherein the posts have a length, a diameter, and a circumference, and wherein the posts have elastic properties; and
>   wherein each of the plurality of posts has an outer edge and further comprises a handle attached with the outer edge.

24. As is evident from the photograph contained in Exhibit E, Defendants' accused Spredz® product includes each element of claim 1 of the '675 patent.

25. Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '675 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the accused Spredz® product, and will continue to infringe unless enjoined by this Court.

26. Considering the visible similarity between FenF's YogaToes® GEMS product and the accused Spredz® product (as shown in Exhibit E), and the fact that Defendants have continued to offer to sell and sell the Spredz® product despite being aware of the pending lawsuit between FenF and Benchmark Brands involving the same patent and accused product, Defendants' infringement of the '675 patent has been, and continues to be, willful and deliberate.

27. Defendants' infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count II - Infringement of the '616 Patent

28. FenF repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Claim 1 of the '616 patent states:

> 1. A foot-therapy and toe-aligning device comprising:
> a frame being formed of an elastomeric material, the frame having a top portion, a bottom portion, a front portion, a back portion, and opposed first and second ends that define a frame length, the frame further including a first peripheral projection and a second peripheral projection, the first and second peripheral projections rising upwards from the first and second ends of the frame, respectively, and being spaced apart along the frame length;
> a plurality of stretchable toe posts formed of an elastomeric material that are integrally formed with the top portion of the frame and are spaced apart along the frame length between the first and second peripheral projections, each of the toe posts extending upwards from the top portion of the frame along a toe post length and terminating in an outer edge having a bulbous shape, the bulbous shape at the outer edge of each toe post extending beyond a portion of the toe post immediately beneath the bulbous shape in all directions; and
> wherein the plurality of toe posts consists of four toe posts that are positionable to separate all five toes of a human foot, with two of the four toe posts being inner toe posts and two of the four toe posts being outer toe posts, wherein the first peripheral projection is located outside of and adjacent to one of the two outer toe posts and the second peripheral projection is located outside of and adjacent to the other of the two outer toe posts, the first peripheral projection and the second peripheral projection being sized so that, when the plurality of toe posts are received between five toes of a human foot, the first peripheral projection rises above a toe located between

>the first peripheral projection and its adjacent outer toe post, and the second peripheral projection rises above a toe located between the second peripheral projection and its adjacent outer toe post.

30. As is evident from the photograph contained in Exhibit E, Defendants' accused Spredz® product includes each element of claim 1 of the '616 patent.

31. Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '616 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the accused Spredz® product, and will continue to infringe unless enjoined by this Court.

32. Considering the visible similarity between FenF's YogaToes® GEMS product and the accused Spredz® product (as shown in Exhibit E), and the fact that Defendants have continued to offer to sell and sell the Spredz® product despite being aware of the pending lawsuit between FenF and Benchmark Brands involving the same patent and accused product, Defendants' infringement of the '616 patent has been, and continues to be, willful and deliberate.

33. Defendants' infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count II - Infringement of the '359 Patent

34. FenF repeats and realleges the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Claim 1 of the '359 patent states:

> 1. A foot-therapy and toe-aligning device comprising:
> a frame being formed of an elastomeric material and having a frame length extending between opposed first and second ends of the frame, the frame having a top portion, a bottom portion, a front portion, a back portion, and further including a first peripheral projection and a second peripheral projection, the first and second peripheral projections rising upwards from the first and second ends of the frame, respectively, and being spaced apart along the frame length, wherein at least a portion of the frame is curved along the frame length, and wherein a frame width as defined by the front and back portions of the frame is greater at the first end of the frame than at the second end of the frame;
> a plurality of stretchable toe posts formed of an elastomeric material that are integrally formed with the top portion of the frame and are spaced apart along the frame length between the first and second peripheral projections, each of the toe posts extending upwards from the top portion of the frame to an exposed outer edge that is independent of the exposed outer edges of the other toe posts; and
> wherein the plurality of toe posts consists of four toe posts, with two of the four toe posts being inner toe posts and two of the four toe posts being outer toe posts, wherein the first peripheral projection is located outside of and adjacent to one of the two outer toe posts and the second peripheral projection is located outside of and adjacent to the other of the two outer toe posts, the first peripheral projection and the second peripheral projection being sized so that, when the plurality of toe posts are received between five toes of a human foot, the first peripheral

> projection rises above a toe located between the first peripheral projection and its adjacent outer toe post, and the second peripheral projection rises above a toe located between the second peripheral projection and its adjacent outer toe post.

36. As is evident from the photograph contained in Exhibit E, Defendants' accused Spredz® product includes each element of claim 1 of the '359 patent.

37. Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the '359 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the accused Spredz® product, and will continue to infringe unless enjoined by this Court.

38. Considering the visible similarity between FenF's YogaToes® GEMS product and the accused Spredz® product (as shown in Exhibit E), and the fact that Defendants have continued to offer to sell and sell the Spredz® product despite being aware of the pending lawsuit between FenF and Benchmark Brands involving the same patent and accused product, Defendants' infringement of the '359 patent has been, and continues to be, willful and deliberate.

39. Defendants' infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A.    Finds Defendants have directly infringed, and are directly infringing, one or more claims of the '675, the '616 and the '359 patents in violation of 35 U.S.C. § 271;

B.    Awards FenF damages adequate to compensate for Defendants' infringement of the '675, the '616 and the '359 patents under 35 U.S.C. § 284;

C.    Finds Defendants' infringement has been willful and deliberate with respect to the '675, the '616 and the '359 patents and that FenF is entitled to an award of up to three times its compensable damages under 35 U.S.C. § 284;

D.    Finds this case to be exceptional and that FenF is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285;

E.    Orders Defendants and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the '675, the '616 and the '359 patents under 35 U.S.C. § 283; and

F.    Awards FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

                                                    Respectfully submitted,

Dated: September 10, 2016        By: */s/ Richard W. Hoffmann*
                                                    RICHARD W. HOFFMANN (P42352)
                                                    MICHAEL J. DRUZINSKI (P72711)
                                                    Reising Ethington P.C.
                                                    755 W. Big Beaver Road, Suite 1850
                                                    Troy, Michigan 48084
                                                    Telephone:   248.689.3500
                                                    Facsimile:   248.689.4071
                                                    hoffmann@reising.com
                                                    druzinski@reising.com

                                                    *Attorneys for Plaintiff FenF, LLC*

## **JURY TRIAL DEMANDED**

FenF demands a jury trial on all issues so triable.

                                     Respectfully submitted,

Dated: September 10, 2016       By: */s/ Richard W. Hoffmann*
                                     RICHARD W. HOFFMANN (P42352)
                                     MICHAEL J. DRUZINSKI (P72711)
                                     Reising Ethington P.C.
                                     755 W. Big Beaver Road, Suite 1850
                                     Troy, Michigan 48084
                                     Telephone:  248.689.3500
                                     Facsimile:   248.689.4071
                                     hoffmann@reising.com
                                     druzinski@reising.com

                                     *Attorneys for Plaintiff FenF, LLC*